UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBIN C. CARTER,**

    **Plaintiff,**

v.                                      Case No: 5:23-cv-665-MMH-PRL

**FNU GUINN, GERALD ANDERSON, JOSH VEGA, 57 R, INVESTMENT, ROBERT WAGNER, FNU HERNDEN, CITY OF OCALA, TRUMP FARM, OCALA PD, OCALA REGIONAL TRAUMA, PARK SIDE ESTATE, FARM THE COMPANY, KELLY MARSHALL, STAGE STOP, MARION COUNTY JAIL, NOVAK FNU, FNU WOOD, SALVATION ARMY, VICTORIA BUDDA, SAVING MERCY, PUBLIC DEFENDERS OFFICE, STATE ATTORNEY, FNU COBB, ROBERT A. GAREW and VOTERS IN CHARGE,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

On November 7, 2023, Plaintiff Robin C. Carter initiated this action, proceeding *pro se*, by filing a "Complaint for Violation of Civil Rights" form. (Doc. 1). Plaintiff, who is homeless, did not provide a mailing address, and thus, the Court has no way to communicate with her. Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 2). Because the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

complaint is virtually impossible to decipher, the Court deferred ruling on the motion to proceed *in forma pauperis* and afforded Plaintiff an opportunity to file an amended complaint. (Doc. 4). To date, Plaintiff has not filed an amended complaint. The docket reflects that the Court's Order (Doc. 4) was not mailed to Plaintiff.

## I. LEGAL STANDARD

An individual may be allowed to proceed *in forma pauperis* if the individual declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, or "fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at n.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8 and explained further in

*Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## II. DISCUSSION

Plaintiff's rambling and nonsensical complaint fails to state a claim. As an initial matter it is unclear against whom Plaintiff is attempting to bring this action. In the case style, Plaintiff names more than twenty-five defendants in a jumbled and disorganized list. She later appears to identify only five defendants in the complaint form (Doc. 1 at 2-3), and only a few of the names appear in the factual allegations. Moreover, the Court cannot glean the substantive nature of Plaintiff's claims. In the complaint form, Plaintiff checked a box stating that she was bringing a § 1983 claim. (Doc. 1 at 3). To state a claim for relief under § 1983, Plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Here, Plaintiff has not alleged any constitutional or statutory right that was violated, nor has she alleged any facts suggesting that such a violation occurred.

Given the insufficiencies in her pleading, the Court issued an order granting Plaintiff an opportunity to file an amended complaint (Doc. 4), which she has not done. The Court recognizes that Plaintiff likely has not seen the Court's order. While Plaintiff may be unable to provide a mailing address because she is homeless, she still must visit the Clerk's Office to check the status of her case. *See Pearson v. Desantis*, 8:20-cv-1151-T-60TGW, 2020 WL 3962253, at *1 (M.D. Fla. July 13, 2020) ("if [plaintiff] is unable to provide a mailing address because he is homeless, he is directed to visit the Clerk's Office regularly to check the status of his case to avoid potential dismissal for failure to prosecute."). More than thirty days have passed since the Court issued its order granting Plaintiff leave to amend. The Court is not required to wait indefinitely to see if Plaintiff will return and choose to file an amended pleading.

Accordingly, I submit that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and her complaint (Doc. 1) should be dismissed as frivolous.

Recommended in Ocala, Florida on December 19, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy